986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johhny B. HERMES, Plaintiff-Appellant,
v.
FEDERAL CROP INSURANCE CORPORATION, Defendant-Appellee.
 No. 92-3301.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant John Hermes brought this breach of contract action against the Federal Crop Insurance Corporation (FCIC) for failure to pay insurance benefits. The district court held that Mr. Hermes was not entitled to the benefits and denied his claims. Mr. Hermes appeals and we affirm.
 
 
 3
 Federal crop insurance is available for several different kinds of crops. At issue in this case are contracts Mr. Hermes obtained for his 1984 and 1985 wheat crops and his 1984 milo crop. Mr. Hermes suffered a loss on all three of these crops and applied for the insurance benefits. The FCIC denied the benefits on the basis that Mr. Hermes had misrepresented his ownership interest in the 1984 wheat crop. Under the contract, the FCIC "may void the contract on all crops insured ... if, at any time, you have concealed or misrepresented any material fact or committed any fraud relating to the contract." Appellant's App. at 45.
 
 
 4
 The magistrate found that Mr. Hermes materially misrepresented his interest in the 1984 wheat crop and that this material misrepresentation entitled the FCIC to cancel the contracts with respect to the other crops. Mr. Hermes argues on appeal that no material misrepresentations were established as to the 1984 wheat crop. Alternatively, he contends that any misrepresentation on the 1984 wheat contract is not material as to the 1984 milo and 1985 wheat contracts because the three contracts are severable.
 
 
 5
 We are persuaded that the misrepresentations made in connection with the 1984 wheat contract were material, substantially for the reasons given by the Magistrate Judge. The FCIC asserts in its brief that Mr. Hermes failed to raise below his contention that the 1984 wheat contract is severable from the 1985 wheat contract the 1984 milo contract, and that the latter two contracts are thereby unaffected by the misrepresentations. Mr. Hermes did not reply to this contention and our review of the record convinces us that the issue was not properly raised. We decline to address an issue that has not been considered and ruled on by the court below. Ershick v. United Missouri Bank, 948 F.2d 660, 669, 672 (10th Cir.1991).
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3